UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

Matthew Kerns, Plaintiff,



v.  6:24cv427 JCB/JDL

NOV 12 2024
Clerk, U.S. District Court
Texas Eastern

Smith County, Texas; 114th District Court; Judge Austin Reeve Jackson, in his official and administrative capacity; Esmeralda Delmas, in her official capacities as HR Director and ADA Coordinator; Court Administrator Kaylee Hahn, in her official capacity, Defendants.

**Complaint for Violations of the Americans with Disabilities Act, Rehabilitation Act, Constitutional Rights, Conspiracy to Deprive Rights, Official Oppression, and Texas State Law**

## I. Introduction

1. This is an action under Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, 42 U.S.C. §§ 1983 and 1985, and Texas state law. Plaintiff, Matthew Kerns, seeks relief for Defendants' repeated and willful failures to provide reasonable accommodations required by federal and state law, coupled with a deprivation of due process and equal protection under the U.S. and Texas Constitutions. The coordinated actions of Defendants illustrate a pattern of deliberate indifference and conspiracy to prevent Plaintiff from accessing the courts effectively, despite well-documented needs, in violation of established legal standards as set forth in *Tennessee v. Lane*, 541 U.S. 509 (2004), *Van Boven v. Freshour*, 623 S.W.3d 156 (Tex. 2021), and other controlling case law.

2. Plaintiff, a person with documented disabilities, specifically requested ADA accommodations in his cases before the 114th District Court, including extended deadlines, oral hearings, layperson assistance, and enhanced access to court documents via the Odyssey system. Despite substantial medical documentation supporting these requests, Defendants disregarded Plaintiff's rights and coordinated their responses to limit his access, citing "procedural constraints" without attempting meaningful alternatives. Judge Jackson's response particularly underscores this, as he stated Plaintiff would be granted only "the ability to access [his] case through online records by going through the District Clerk's office, like all litigants or members of the public," while attorneys are permitted broader Odyssey access. This refusal to provide reasonable accommodations, despite their feasibility, discriminates against Plaintiff under ADA standards that require accommodations beyond typical public access to ensure equitable participation for individuals with disabilities.

## II. Jurisdiction and Venue

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction for state law claims).

4.     Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b), as the events giving rise to this complaint occurred in Smith County, Texas, where the Defendants reside and conduct business.

## III. Parties

5.     **Plaintiff**: Matthew Kerns, a resident of Smith County, Texas, is diagnosed with Post-Traumatic Stress Disorder (PTSD), a recognized disability under the ADA. He requires reasonable accommodations to participate in legal proceedings on equal footing with other litigants.

6.     **Defendants**:

- **Smith County, Texas**: Smith County Courthouse, 100 N. Broadway Ave., Tyler, TX 75702, (903) 590-4600.

- **114th District Court**: Smith County Courthouse, 100 N. Broadway Ave., Room 212, Tyler, TX 75702, (903) 590-1625.

- **Judge Austin Reeve Jackson**: Named in his official administrative capacity as presiding judge, 114th District Court, Smith County Courthouse, 100 N. Broadway Ave., Room 212, Tyler, TX 75702, (903) 590-1625.

- **Esmeralda Delmas**: HR Director and ADA Coordinator for Smith County, Smith County Annex Building, 200 E. Ferguson St., Suite 202, Tyler, TX 75702, (903) 590-4644, hr@smith-county.com.

- **Kaylee Hahn**: Court Administrator for the 114th District Court, Smith County Courthouse, 100 N. Broadway Ave., Room 212, Tyler, TX 75702, (903) 590-1625, khahn@smith-county.com.

## IV. Factual Background

### A. Systematic Denial of ADA Accommodations and Coordinated Indifference

7.     Plaintiff submitted an ADA accommodation request on June 12, 2024, identifying his specific needs as documented by his therapist, Evelyn Dillman, LPC. These accommodations

included extended deadlines, assistance from a layperson, and access to the Odyssey system due to his disability-related challenges. ADA requirements, as affirmed by *Tennessee v. Lane* and *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001), mandate individualized assessments to ensure effective communication and access for people with disabilities.

8. Esmeralda Delmas, HR Director and ADA Coordinator, replied with responses that disregarded Plaintiff's specific needs and reflected coordinated efforts with the court staff to deny these accommodations. Ms. Delmas communicated that she "worked with the court staff" and cited procedural limitations, offering only minimal alternatives inconsistent with the ADA's requirement for reasonable accommodations. Her response mischaracterized Plaintiff's request for layperson assistance as an attempt to secure legal representation, showing deliberate distortion of his needs to justify denial.

9. Defendants further limited Plaintiff's access by denying him enhanced access to the Odyssey system, permitting only the same access as "all litigants or members of the public," though attorneys have broader access. This approach directly contravenes ADA requirements, which compel public entities to provide meaningful access that extends beyond standard public access if needed to accommodate disabilities.

### B. Procedural Irregularities, Due Process Violations, and Collusion

10. Plaintiff's case was transferred to the 114th District Court without notice or an opportunity for Plaintiff to prepare or object, violating his due process rights. Additionally, Judge Jackson scheduled seven motions across three cases to be heard on a single day, contrary to Plaintiff's medical provider's recommendation for separate hearings to minimize stress. These actions suggest intentional procedural obstacles to prevent Plaintiff from fully participating in his case, infringing upon his right to equitable legal access.

11. The collective responses from Judge Jackson, Ms. Delmas, and Ms. Hahn demonstrate a pattern of collusion to deny Plaintiff's ADA accommodations. This pattern, including pre-coordinated responses and procedural obstacles, substantiates a claim under 42 U.S.C. § 1985 for conspiracy to deprive Plaintiff of his civil rights by intentionally obstructing his access to the court system.

### V. Causes of Action

### Count 1: Violations of Title II of the ADA (42 U.S.C. § 12132)

12. Plaintiff reasserts all prior paragraphs as though fully stated here.

13. Defendants, as public entities, are required to provide reasonable accommodations to individuals with disabilities under Title II of the ADA. By disregarding Plaintiff's documented accommodation requests, offering only minimal public access to court records while attorneys

receive broader access, and failing to engage in an individualized assessment as required, Defendants discriminated against Plaintiff by denying him full and equal access to court services, in violation of *Tennessee v. Lane* and *Duvall v. County of Kitsap*.

### Count 2: Violations of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

14. Defendants receive federal funding and are therefore subject to Section 504 of the Rehabilitation Act, which mandates non-discriminatory access for individuals with disabilities. By disregarding Plaintiff's need for enhanced access to the Odyssey system and necessary auxiliary aids, Defendants effectively barred Plaintiff's access to court, violating Section 504.

### Count 3: Violations of the 14th Amendment Due Process Clause (42 U.S.C. § 1983)

15. Defendants, acting under color of state law, deprived Plaintiff of his due process rights by consolidating cases and transferring his case without notice, infringing on his rights to procedural fairness under *Stump v. Sparkman*, 435 U.S. 349 (1978), which denies immunity for non-judicial actions.

### Count 4: Conspiracy to Deprive Rights (42 U.S.C. § 1985)

16. Defendants, including Judge Jackson, Ms. Delmas, and Ms. Hahn, acted in concert to deny Plaintiff's ADA accommodations, pre-coordinating their responses and using procedural obstacles to limit his access to court proceedings. This conspiracy reflects an intent to restrict Plaintiff's legal access in violation of *Forrester v. White*, 484 U.S. 219 (1988), which holds officials accountable for non-judicial actions.

### Count 5: Official Oppression under Texas Penal Code § 39.03

17. Defendants intentionally subjected Plaintiff to mistreatment by refusing ADA accommodations, mischaracterizing his requests, consolidating cases without due process, and denying necessary access to Odyssey, causing Plaintiff substantial distress and impeding his rights under Texas law.

## VI. Request for Relief

Plaintiff respectfully requests the following relief:

1. **Declaratory Relief**: A judgment declaring that Defendants violated the ADA, Rehabilitation Act, and Plaintiff's due process rights.

2.  **Injunctive Relief**: An order compelling Defendants to provide Plaintiff's requested ADA accommodations, including enhanced Odyssey access, separate hearings, and a layperson's assistance.

3.  **Compensatory Damages**: For emotional distress, health harm, and procedural disadvantages caused by Defendants' conduct.

4.  **Attorney's Fees and Costs**: Under the ADA and Section 1983, to cover litigation costs.

5.  **Punitive Damages**: For Defendants' egregious conduct and reckless indifference to Plaintiff's rights.

6.  **Any Other Relief the Court deems just and proper.**

Respectfully Submitted _11-12-24_.

_[signature]_

Matthew Kerns

Pro Se Plaintiff

P.O. Box 626, Winona, TX 75792

gladecreeklivestock@gmail.com

903-245-8040