IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MATTERW J. KERNS,<br><br>    Plaintiff,<br><br>v.<br><br>SMITH COUNTY, 114TH DISTRICT COURT, JUDGE AUSTIN REEVE JACKSON, OFFICIAL AND ADMINISTRATIVE CAPACITY; ESMERALDA DELMAS, HR DIRECTOR AND ADA COORDINATOR; KAYLEE HAHN, COURT ADMINISTRATOR; AND DEBBIE GUNTER, JUDGE;<br><br>    Defendants. | §<br>§<br>§   CIVIL ACTION NO. 6:24-CV-00427-JCB<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendants Smith County, Esmeralda Delmas, Kaylee Hahn's motion to strike Plaintiff's first amended complaint (Doc. No. 22), and Defendants Judge Jackson and the 114th District Court's motion to join in the motion to strike. (Doc. No. 25.) Plaintiff has filed a response in opposition. (Doc. No. 30.)

### BACKGROUND

Plaintiff, proceeding pro se, filed this complaint against Defendants Smith County, Texas, the 114th District Court of Smith County, Texas, Judge Austin Reeve Jackson, Esmeralda Delmas, and Kaylee Hahn on November 12, 2024. (Doc. No. 1.)

**I.    Plaintiff's Original Complaint**

Specifically, in his original complaint, Plaintiff alleged that he is a person with documented disabilities who requested accommodations prior to his cases proceeding in the 114th District

1

Court, including extended deadlines, oral hearings, and enhanced access to the court's filing system, Odyssey. (Doc. No. 1, at 1.) Plaintiff alleged that Defendants disregarded his rights and specifically that Judge Jackson stated that Plaintiff would be granted "the ability to access [his] case through online records by going through the District Clerk's office, like all litigants or members of the public." *Id.* Plaintiff further alleged that Judge Jackson scheduled seven motions across three cases to be heard on a single day, in contradiction to Plaintiff's provider's recommendation to have separate hearings to minimize his stress. *Id.* at 3. Plaintiff contends that this amounted to a denial of his request for accommodations and violates the Americans with Disabilities Acts (ADA). *Id.* at 3–4. Plaintiff further alleged that this conduct violated Section 504 of the Rehabilitation Act (29 U.S.C. § 794), violated his Fourteenth Amendment rights (42 U.S.C. § 1983), constituted a conspiracy to deprive his rights (42 U.S.C. § 1985), and amounted to Official Oppression under the Texas Penal Code §39.03. Plaintiff requested injunctive relief compelling Defendants to provide his requested accommodations, as well as compensatory and punitive damages and attorney's fees. *Id.* at 4–5.

## II. Judge Jackson and The 114th District Court's Motion to Dismiss

On December 3, 2024, Defendants Judge Jackson and the 114th District Court of Smith County, Texas file a motion to dismiss. (Doc. No. 5.) Defendants Smith County, Esmeralda Delmas, Kaylee Hahn filed an answer three days later. (Doc. No. 6.) On January 4, 2025, the court recommended that Defendants Judge Jackson and the 114th District Court of Smith County, Texas's motion to dismiss be granted and that Plaintiff's claims against those Defendants be dismissed with prejudice. (Doc. No. 10.) Plaintiff timely filed objections to the report and recommendation (Doc. No. 12) which are still pending with the district judge.

## III. Defendants Smith County, Esmeralda Delmas, Kaylee Hahn Motions to Dismiss

As the remaining Defendants had answered the complaint (Doc. No. 6), the court then set this matter for a scheduling conference on January 28, 2025. (Doc. No. 11.) One day prior to the scheduling conference, Defendants Smith County, Esmeralda Delmas, and Kaylee Hahn filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 14.) The court then discussed the allegations and the pending motion with the parties at the scheduling conference. Plaintiff indicated that he would be filing a motion to stay the case (Doc. No. 18), and Defendants indicated a desire to file an amended motion to dismiss, which they filed on January 30, 2025. (Doc. No. 19.) The next day, Plaintiff filed an amended complaint in this matter. (Doc. No. 20.)

### IV.   Plaintiff's Amended Complaint

Plaintiff's amended complaint asserts claims for violation of the Americans with Disabilities Act (ADA) and violations of 42 U.S.C. § 1983 under the Due Process Clause of the Fourteenth Amendment and First Amendment retaliation. (Doc. No. 20.) Plaintiff further asserts claims for violation of 42 U.S.C. § 1985, § 1986, and civil conspiracy under Texas state law. *Id.*

Plaintiff's amended complaint names Defendants Austin Reeve Jackson, Smith County, Texas, Esmeralda Delmas, Kaylee Hahn, and adds Judge Debbie Gunter. Plaintiff's allegations otherwise remain factually similar. He states that he is a qualified individual with disabilities who requested ADA accommodations including a scribe to assist in legal proceedings, oral hearings for all motions, modified court scheduling, and equal access to Odyssey court records. *Id.* at 2. Plaintiff alleges that Defendants denied his accommodations under direct orders from Judge Jackson. Plaintiff sues Judge Gunter pursuant to 42 U.S.C. § 1986 for failure to act to prevent the ADA violations. *Id.* at 4. Plaintiff alleges that Judge Jackson has a history of retaliatory action against individuals in his courtroom and an established pattern of misconduct. *Id.* at 5–6. Plaintiff further asserts that he was required to disclose private medical records in proving up his disability which

3

violated Section 504 of the Rehabilitation Act (29 U.S.C. § 794). *Id.* at 10. Plaintiff also alleges that this disclosure is a violation of his medical privacy under the Fourteenth Amendment. *Id.* at 13. Plaintiff alleges that "Judge Jackson transferred Plaintiff's case into his court without notice or an opportunity to object, violating procedural due process," and engaged in discriminatory treatment based upon his disability in violation of the Equal Protection Clause. *Id.* at 12. Plaintiff also alleges that Judge Jackson's actions of setting too many motions for hearing in one setting and ruling on a moot petition violated due process. *Id.* at 13–14. Without any further explanation, Plaintiff also asserts these facts as a retaliatory violation of the First Amendment. *Id.* at 16. Plaintiff then concludes that all of this was undertaken as a conspiracy under § 1985 and Texas state law, and also amounted to neglect to prevent civil rights violations under § 1986. *Id.* at 17–20. Plaintiff also asserts a claim for intentional infliction of emotional distress under Texas law. *Id.* at 20. Plaintiff again seeks injunctive relief, declaratory judgment, compensatory and punitive damages, attorney's fees, and permanent structural reforms. *Id.* at 23–24.

V.     **Defendants' Motion to Strike**

Defendants Smith County, Esmeralda Delmas, Kaylee Hahn move to strike Plaintiff's amended complaint, noting that their original answer was filed on December 6, 2024 and therefore under Rule 15(a)(1)(A)-(B) he needed to file an amended complaint by December 27, 2024 (21 days later) or with leave of court, which he did not seek in this case. (Doc. No. 22.) Defendants Judge Jackson and the 114th District Court of Smith County, Texas moved to join in the motion noting that their original motion to dismiss was filed on December 3, 2024, rendering Plaintiff's amended complaint even more untimely. (Doc. No. 25.) As an initial matter, for purposes of fully considering these arguments, Defendants Judge Jackson and the 114th District Court of Smith County, Texas's motion for joinder (Doc. No. 25) is **GRANTED**.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored. *U.S. v. Conley*, 689 F.3d 365 (5th Cir. 2012). Courts possess considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. *Id.* If there is any question as to whether the allegations may be relevant to the action, courts err on the side of permitting the allegations to stand. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1382 (3d ed.).

**DISCUSSION**

Here, Defendants do not cite a Rule 12(f) basis to strike the amended complaint, but rather move to strike it as untimely under Rule 15. In relevant part, Rule 15 provides:

(1) A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. (a)(1)–(2).

Here, Defendants are correct that Plaintiff's amended complaint was not timely filed under the Rule 15. Because the responsive pleadings in this case (the earlier of the filings under Rule 15(a)(1)(B)) were filed on December 3, 2024 (Doc. No. 5) and December 6, 2024 (Doc. No. 6)), an amendment as a matter of course needed to be made by December 24, 2024 and December 27,

5

2024, respectively. Plaintiff did not file his amended complaint until January 31, 2025, which was over 30 days late to amend as a matter of course. However, given that Plaintiff is proceeding pro se, the court can interpret his response to the motion to strike as a request for leave to amend under Rule 15(a)(2). It is well established that "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). The district court "should freely give leave" to amend the pleadings "when justice so requires." Fed R. Civ. P. 15(a)(2).

Here, justice would require allowing Plaintiff to amend his complaint. First, Plaintiff is proceeding pro se and has not yet filed an amended complaint in this matter. Indeed, the Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994); Scott v. Brynes, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Moreover, Plaintiff filed his amended complaint one day after Defendants Smith County, Esmeralda Delmas, Kaylee Hahn filed their Rule 12(c) motion. This suggests no undue delay in responding to the deficiencies raised by the 12(c) motion. Additionally, as this case is in its initial stages of screening the pleadings, the court finds that any prejudice to Defendants would be de minimis. Thus, the court finds that Plaintiff should be granted leave to file his amended complaint.

## CONCLUSION

Accordingly, Defendants' motion for joinder (Doc. No. 25) is **GRANTED** and the joined motion to strike (Doc. No. 22) is **DENIED**. The clerk of court shall docket Plaintiff's amended complaint (Doc. No. 20) as the live pleading in this matter effective as of the date of the issuance of this order. The court notes that an amended complaint entirely supersedes and takes the place

of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). Because Plaintiff's amended complaint will be the live pleading in this matter, Defendants' motions to dismiss (Doc. Nos. 5, 14, 19) are **DENIED** as moot. The court's prior report and recommendation (Doc. No. 10) is **WITHDRAWN**. Defendants shall file a responsive pleading to the amended complaint in compliance with the Federal Rules of Civil Procedure. Plaintiff shall timely serve newly added Defendant Debbie Gunter with the amended complaint and summons in accordance with Federal Rule of Civil Procedure 4.

**So ORDERED and SIGNED this 20th day of February, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE