IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MATTHEW J. KERNS,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 6:24-CV-00427-JCB-JDL** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SMITH COUNTY, 114TH DISTRICT COURT, JUDGE AUSTIN REEVE JACKSON, OFFICIAL AND ADMINISTRATIVE CAPACITY; ESMERALDA DELMAS, HR DIRECTOR AND ADA COORDINATOR; AND KAYLEE HAHN, COURT ADMINISTRATOR;** | § § § § § | |
| | | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court are Defendants Austin Reeves Jackson and the 114th District Court of Texas' motion to dismiss (Doc. No. 41), Defendants Smith County, Esmeralda Delmas, Kaylee Hahn's motion to dismiss (Doc. No. 42), and Defendant Debbie Gunter's motion to dismiss (Doc. No. 45). Plaintiff has filed responses (Doc. Nos. 43, 50, 52). For the reasons discussed herein, the court **RECOMMENDS** that Defendants' motions (Doc. Nos. 41, 42, 45) be **GRANTED** as set forth herein.

**BACKGROUND**

Plaintiff, proceeding pro se, filed this complaint against Defendants Smith County, Texas, the 114th District Court of Smith County, Texas, Judge Austin Reeve Jackson, Esmeralda Delmas, and Kaylee Hahn on November 12, 2024. (Doc. No. 1.) Specifically, Plaintiff alleges that he is a

1

person with documented disabilities who requested accommodations prior to his cases proceeding in the 114th District Court, including extended deadlines, oral hearings, and enhanced access to the court's filing system, Odyssey. (Doc. No. 1, at 1.) Plaintiff alleges that Defendants disregarded his rights and specifically that Judge Jackson stated that Plaintiff would be granted "the ability to access [his] case through online records by going through the District Clerk's office, like all litigants or members of the public." *Id.* Plaintiff further alleges that Judge Jackson scheduled seven motions across three cases to be heard on a single day, in contradiction to Plaintiff's health care provider's recommendation to have separate hearings to minimize his stress. *Id.* at 3. Plaintiff states that this amounted to a denial of his request for accommodations and violates the Americans with Disabilities Acts (ADA). *Id.* at 3–4. Plaintiff further alleges that this conduct violated § 504 of the Rehabilitation Act (RA) (29 U.S.C. § 794), violated his Fourteenth Amendment rights (42 U.S.C. § 1983), constituted a conspiracy to deprive his rights (42 U.S.C. § 1985), and amounted to Official Oppression under the Texas Penal Code §39.03. Plaintiff asks for injunctive relief compelling Defendants to provide his requested accommodations, as well as compensatory and punitive damages and attorney's fees. *Id.* at 4–5.

Defendants first filed a motion to dismiss Plaintiff's claims on December 3, 2024 (Doc. No. 5.) The court recommended that Defendants' motion be granted on January 4, 2025 (Doc. No. 10.) However, on January 31, 2025, Plaintiff filed an amended complaint (Doc. No. 20), and filed a second amended complaint on February 20, 2025 (Doc. No. 35). The court issued two orders accepting Plaintiff's most recent pleading as the live complaint in this matter. (Doc. Nos. 34, 39).

Plaintiff's second amended complaint asserts claims for violations of: Title II and Title V of the ADA; the Fourteenth Amendment's Due Process Clause; § 1983 civil rights; § 1985 conspiracy; § 1986 neglect to prevent civil rights violations; § 1983 First Amendment Retaliation;

and Texas state law civil conspiracy. (Doc. No. 35, at 2.) Specifically, Plaintiff continues to allege that he is a person with documented disabilities who requested ADA accommodations during his state court case, including: a scribe and layperson assistant in court; oral hearings for all motions; modified scheduling to reduce cognitive stress; equal access to court records. Plaintiff alleges that Judge Jackson denied his request for accommodations; specifically, that Smith County's HR and ADA Coordinator, Esmeralda Delmas, initially agreed to provide the accommodations but then later reversed her position because of Judge Jackson. Plaintiff alleges that Judge Jackson allegedly transferred his case without due process, scheduled multiple hearings in a day which aggravated Plaintiff's alleged disability, and discriminated against Plaintiff on account of his disability. Plaintiff alleges that he was forced to disclose private medical records because Defendant refused to engage in the ADA process and that this violated his rights under the ADA, RA, and the Fourteenth Amendment. Plaintiff further alleges that Judge Jackson has a history of retaliatory actions against litigants and attorneys, citing previous contempt orders and procedural oddities.

Plaintiff also sues Defendant Kaylee Hahn who he cites as the Court Administrator for the 114th District Court who is "responsible for coordinating court procedures and compliance with federal disability laws." (Doc. No. 35, at 4.) Plaintiff alleges claims against Hahn for violations of § 1985 and § 1986 for her failure to "take corrective action" and "failure to intervene" despite knowledge that Judge Jackson was violating the law. *Id.* at 17–18.

Lastly, Plaintiff has added Defendant Judge Debbie Gunter to his amended complaint, alleging that she violated 42 U.S.C. § 1986 by transferring his case to Judge Jackson when she "had the authority and duty to prevent this procedural due process violation" yet she "failed to intervene." *Id.* at 22.

Plaintiff requests relief in the form of injunctive relief, compensatory and punitive damages, declaratory judgment, attorneys' fees, implementation of structural reforms in Smith County courts, ADA accommodations, and pro se deference in federal court. *Id.* at 23–25.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant Judge Jackson moves to dismiss Plaintiff's claims on the grounds that he lacks standing, that the constitutional claims are barred by the Eleventh Amendment, judicial immunity, under the *Younger* abstention doctrine, and for failure to state a claim. (Doc. No. 41.) Defendants Smith County, Esmeralda Delmas, and Kaylee Hahn move to dismiss the § 1983 claims on grounds of sovereign immunity, *Monell*, and qualified immunity. (Doc. No. 42.) Defendants move to dismiss the remainder of Plaintiff's claims on various grounds of failure to state a claim. *Id.* Defendant Judge Debbie Gunter raises the same arguments as Defendant Jackson. (Doc. No. 45.) Plaintiff responds by arguing that Defendants' arguments are meritless and reasserting his claims. (Doc. No. 43).

Given the procedural posture of this case, at this juncture, the court must consider Plaintiff's allegations with respect to whether they have stated a claim against each Defendant for each claim he purports to allege, or which the court can reasonably discern from the pleadings. The court has done so by liberally construing Plaintiff's complaint with all possible deference due a pro se litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). As Plaintiff appears to assert claims against each Defendant in his/her official and individual capacities, the court takes up each claim against each Defendant in those capacities in turn.

## I.     Official Capacity Claims Against Smith County and Defendants

Turning first to Plaintiff's assertion of claims against Defendants in their official capacities, Plaintiff sues Smith County and each individual Defendant—all alleged to be agents of Smith

County—in their official capacities. (Doc. No. 35.) An official capacity lawsuit represents a way of pleading an action "against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). "[If] the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Because Plaintiff asserts the same claims against the individual Defendants as he asserts against Smith County, his claims are effectively against Smith County. *See Forster v. Bexar Cnty.*, No. 5:21-cv-00765-JKP-RBF, 2022 WL 2820857, at *9 (W.D. Tex. July 19, 2022).

### a.  Jurisdictional Matters

The Eleventh Amendment prohibits federal courts from hearing certain lawsuits against the states. *Turnage v. Britton*, 29 F.4th 232, 239 (5th Cir. 2022) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). It equally applies to state actors in their official capacities. *See Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 320 (2008). But this prohibition is not absolute; "it does not apply when the state consents to suit or when Congress abrogates the state's immunity." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). And it does not bar every suit against states or state officials for prospective declaratory or injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Turnage*, 39 F.4th at 239 (sovereign immunity does not block suits for injunctive relief because officers act as private persons "stripped of [their] official clothing" when they violate federal law). Because each Defendant raised a sovereign immunity defense in this matter, the court must determine whether each Defendant is entitled to it.

### i.  Defendants Jackson and Gunter

Defendants Jackson and Gunter each raise sovereign immunity defenses. (Doc. No. 45, at 2.) Generally, Defendant Judges, as Texas state district judges, are entitled to raise Eleventh Amendment sovereign immunity. *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989) (holding that state district judges, not being local officials, enjoy Eleventh Amendment immunity); *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity.").

### 1. 42 U.S.C. §§ 1983, 1985, 1986 Claims Against Defendants Jackson and Gunter

Both Judge Jackson and Judge Gunter assert they are entitled to Eleventh Amendment immunity on Plaintiff's constitutional claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. Nos. 41, 45.) Plaintiff's alleged claims for damages against Defendants Jackson and Gunter, who are both Texas district judges, are barred by the Eleventh Amendment. *See Galyeon v. Texas*, No. 6:21-cv-410, 2021 WL 6425386, at *4 (E.D. Tex. Dec. 6, 2021), *report and recommendation adopted*, 2022 WL 107594 (E.D. Tex. Jan. 11, 2022) (dismissing claims against a state district judge in his official capacity under §§ 1983 and 1985 because of sovereign immunity); *see also Early v. S. Univ. & Agr. & Mech. Coll. Bd. of Sup'rs*, 252 F. App'x. 698, 700 (5th Cir. 2007) (per curiam) (dismissing Plaintiff's § 1986 claim against state officials in their official capacity because Congress did not intend to abrogate state sovereign immunity for § 1986). Because Eleventh Amendment immunity "deprives the court of jurisdiction, . . . the barred claims 'can be dismissed only under Rule 12(b)(1) and not with prejudice.'" *Chalmers v. Marks*, No. Civ. A. 3:03-cv-468, 2003 WL 21468509, at *2 (N.D. Tex. June 19, 2003) (quoting *Warnock*, 88 F.3d at 343); *see also Armstrong v. Cumberland Acad.*, 549 F. Supp. 3d 543, 549 (E.D. Tex. 2021).

However, Plaintiff's claims for injunctive and declaratory relief present a different issue. The Supreme Court carved out a narrow exception to sovereign immunity in *Ex Parte Young*,

7

excepting "claims for prospective relief against state officials who have been sued in their official capacities." *Nelson*, 535 F.3d at 320. An individual can overcome a state actor's Eleventh Amendment immunity if that suit seeks injunctive relief for alleged constitutional violations. *Casper v. West*, No. 4:23-cv-42, 2025 WL 539945, at *9 (E.D. Tex. Feb. 18, 2025). However, this exception is only applicable to claims seeking injunctive relief for a continuing constitutional violation. *Pennhurst*, 465 U.S. at 102–03 (citing *Ex Parte Young*, 209 U.S. at 123).

"Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law." *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986). But the same rationale does not apply "to remediation of a *prior* violation of federal law. *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020) (emphasis added). "[P]laintiff's lawsuit must allege that the defendants' actions are *currently* violating federal law." *Id.* (quoting *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)); *see also Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 425 (5th Cir. 2020) (explaining that "[b]ackwards-looking, past-tense declaratory judgment" is "tantamount to an award of damages for a past violation of law, even though styled as something else").

Defendants argue that *Ex Parte Young*'s narrow exception is inapplicable to Plaintiff's claims because Plaintiff has not alleged an ongoing constitutional violation of his rights. (Doc. Nos. 41, at 6; 45, at 4.) Specifically, Defendant Jackson argues that because Plaintiff's state law case has been dismissed, there is no potential for ongoing constitutional violations. (Doc. No. 41, at 7.) Indeed, Plaintiff's own allegations confirm that Judge Jackson dismissed Plaintiff's case. (Doc. No. 35, at 13.) Plaintiff does not allege that Defendant Jackson is currently violating federal law; he seems to only seek relief from alleged constitutional deprivations he sustained in the past. *NiGen*, 804 F.3d at 394. This includes Plaintiff's allegations that Judge Jackson: (1) transferred

Plaintiff's case into his court; (2) scheduled seven motions in one day; (3) denied ADA accommodations in violation of the Equal Protection Clause; (4) forced Plaintiff to disclose medical information; (5) dismissed Plaintiff's case on a "non-operative complaint"; and (6) unconstitutionally retaliated against Plaintiff after he requested ADA accommodations. (Doc. No. 35, at 12–15.) Because Plaintiff is not seeking prospective injunctive or declaratory relief against Judge Jackson in his official capacity, the Eleventh Amendment bars Plaintiff's constitutional claims for injunctive and declaratory relief. *See Rhoades v. Martinez*, 560 F. Supp. 3d 1039, 1046 (S.D. Tex. 2021) (explaining that past actions by a state judge alone do not suffice to demonstrate ongoing constitutional violations under the *Ex Parte Young* exception).

Similarly, Plaintiff's allegations against Defendant Gunter are deficient for the same reasons. Plaintiff's § 1986 claim relates to Judge Gunter allegedly allowing Plaintiff's case to be transferred to Judge Jackson's court in violation of Plaintiff's due process rights. (Doc. No. 35, at 3.) But Judge Gunter is not involved in any alleged ongoing denial of Plaintiff's constitutional rights, nor is Plaintiff's state court case before Judge Gunter. Thus, *Ex Parte Young* does not apply and Plaintiff's claims under §§ 1983, 1985, and 1986 should be dismissed without prejudice.

### 2.  ADA and RA Claims Against Judge Jackson

Defendant Jackson argues that Plaintiff's ADA and RA claims should be dismissed because sovereign immunity has not validly been abrogated. (Doc. No. 41, at 7.) Defendants argue that sovereign immunity has not been validly abrogated because Plaintiff fails to sufficiently plead a Title II claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 41, at 7.) Plaintiff argues that under *Tennessee v. Lane*, the Supreme Court held that States have no immunity under the Eleventh Amendment for Plaintiff's Title II ADA and RA claims. (Doc. No. 50, at 3).

Plaintiff's Title II ADA claim is barred by sovereign immunity unless Texas waived its immunity or Congress has abrogated it. *See Pickett v. Tex. Tech Univ. Health Sci. Ctr.*, 37 F.4th 1013, 1025 (5th Cir. 2022) (citing *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)). Texas has not waived its sovereign immunity. Thus, the issue is whether Congress validly abrogated it.

"Title II of the ADA abrogates state sovereign immunity where it prohibits conduct that violates the Fourteenth Amendment or where Congress's abrogation power is 'nevertheless valid.'" *Douthit v. Collier*, No. 20-20550, 2022 WL 5240152, at *3 (5th Cir. Oct. 5, 2022) (unpublished) (quoting *United States v. Georgia*, 546 U.S. 151, 158–59 (2006)). "Congress's abrogation power is 'nevertheless valid' where Title II imposes requirements that are 'congruent and proportional' to an identified 'pattern of [unconstitutional] exclusion and discrimination'— even if it sweeps in some conduct that is not itself unconstitutional." *Pickett*, 37 F.4th at 2026 (alteration in original) (citing *Tennessee v. Lane*, 541 U.S. 509, 531 (2004)).

In determining whether Defendant Jackson is entitled to sovereign immunity, the court must answer three questions: (1) did Plaintiff allege a plausible Title II claim under Federal Rule of Civil Procedure 12(b)(6); (2) if he has, do his allegations also state a violation of the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, is Congress's purported abrogation of sovereign immunity as to that class of conduct nevertheless valid? *Pickett*, 37 F.4th at 1026.

As to the first question, Plaintiff must satisfy the pleading requirements of Rule 12(b)(6) for a Title II ADA claim. A Title II ADA claim contains three elements: (1) an identified qualifying disability; (2) the plaintiff was denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3)

that such discrimination was by reason of the plaintiff's disability. *Id.* at 311–12. However, for reasons explained below, Plaintiff has failed to adequately plead a Title II claim under the ADA. Thus, Congress did not validly abrogate Texas's sovereign immunity under Title II of the ADA.

Lastly, although not expressly raised by Defendants, Plaintiff's Title V claim against Judge Jackson should be dismissed because Plaintiff has failed to state a viable Title II claim on which the Title V claim is based. *See Dottin v. Tex. Dep't of Crim. Just.*, No. 1:13-cv-710, 2014 WL 11498078, at *10 (E.D. Tex. Nov. 25, 2014), *aff'd*, 627 F. App'x 397 (5th Cir. 2015). Title V alone does not abrogate Texas's sovereign immunity; Plaintiff "may bring a retaliation claim against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular state." *Id.* And because Congress did not validly abrogate Texas's sovereign immunity from Title II claims in this case, Plaintiff's Title V claim is also barred. *See Block v. Tex. Bd. of Law Examiners*, No. 1-18-cv-386-LY, 2019 WL 433734 at *4 (W.D. Tex. Feb. 1, 2019), *report and recommendation adopted*, 2019 WL 13254079 (W.D. Tex. Mar. 12, 2019).[1]

That leaves Plaintiff's claim for injunctive and declaratory relief under the ADA and RA. Among other reasons, Defendant Jackson argues that Plaintiff lacks standing to pursue his ADA claims for injunctive and declaratory relief because Plaintiff's state case has been dismissed— making equitable relief unavailable. (Doc. No. 41, at 5.) Defendant provides an order of dismissal from the 114th District Court of Smith County, Texas, which purportedly shows that Plaintiff's case before Judge Jackson was dismissed on November 14, 2025. *Id.* (citing Doc. No. 41-4).

---

[1] In contrast, Defendant Jackson did not clearly move to dismiss Plaintiff's RA claim on grounds of sovereign immunity. But as explained below, the court recommends dismissal of Plaintiff's RA claim for monetary damages because Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

11

Odyssey, Smith County's court records portal, confirms this dismissal. *See* Tyler Odyssey Portal, https://portal.smith-county.com/Public/Home/WorkspaceMode?p=0 (last visited March 24, 2025).

"[A] Plaintiff must demonstrate standing separately for each form of relief sought." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)). Article III standing requires Plaintiff to show three elements: (1) he suffered an "injury in fact" that is concrete and particularized and actual or imminent that is not conjectural or hypothetical; (2) an injury that is fairly traceable to the alleged challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the plaintiff's injury will be redressed by a favorable decision. *Laidlaw*, 528 U.S. at 180–81 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Importantly, Plaintiff must allege facts showing "a substantial and continuing controversy between two adverse parties . . . [that is] real and immediate, and create[s] a definite, rather than speculative threat of future injury." *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at \*7 (5th Cir. Jan. 13, 2025) (unpublished) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Id.* (*Bauer*, 341 F.3d at 358).

As explained above, Plaintiff only seeks equitable relief to remedy Defendant Jackson's alleged past violations of the ADA and RA. He does not assert any continuing harm from this alleged conduct, nor does he demonstrate "a non-speculative threat of future injury." *Id.* Plaintiff's complaint only states that the court should "[o]rder Defendants to immediately implement policies ensuring compliance with the ADA to prevent future harm to other disabled litigants." (Doc. No. 35, at 23.) But this speculation does not meet the burden of showing an ongoing injury or that there is any threat of future injury to Plaintiff that is imminent or likely. *See Bauer*, 341 F.3d at 358.

12

Therefore, because there is no live case or controversy for this court to resolve on Plaintiff's ADA and RA claims for injunctive and declaratory relief, the court recommends dismissal of these claims without prejudice.

### ii. Defendants Smith County, Delmas, and Hahn

Defendants Smith County, Delmas, and Hahn initially argue that the official capacity claims should be dismissed because they are entitled to sovereign immunity. (Doc. No. 42, at 12–13.) Defendants contend that because Smith County and its agents have not legislatively waived immunity and an exception to immunity does not apply, Plaintiff's claims are barred. *Id.* at 14. But the Eleventh Amendment's bar to suit in federal court does not apply to counties; it extends only to *States* and *state officials* under the appropriate circumstances. *Dugas v. Jefferson Cnty.*, 911 F. Supp. 251, 253 (E.D. Tex. 1995) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Accordingly, Defendants Smith County, Delmas, and Hahn are not exempt from suit under the Eleventh Amendment.

### b. Section 1983 Claims Against Defendants Smith County, Delmas, and Hahn

Defendants Smith County, Delmas, and Hahn argue that Plaintiff's claims pursuant to 42 U.S.C. § 1983 should be dismissed under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Defendants argue that Plaintiff has failed to allege that the county had an official policy announced by the county's policymaker. (Doc. No. 42, at 16.) Moreover, Defendants argue that Plaintiff has failed to allege that Smith County had a practice or custom that was attributable to Plaintiff's alleged constitutional deprivations. *Id.* Instead, Defendants argue that Plaintiff merely alleges isolated incidents taken by Defendants during the course of state court case. *Id.*

Plaintiff responds that he has adequately alleged that numerous county "actors" unconstitutionally "coordinated their responses . . . to systematically deny Plaintiff's

accommodation requests." (Doc. No. 50, at 3.) Plaintiff argues that this allegation is sufficient to show a custom or practice under *Monell*. *Id.* Plaintiff also asserts that Judge Jackson, Ms. Delmas, and Ms. Hahn were official policymakers responsible for denying Plaintiff his rights under the ADA and under the Due Process Clause. *Id.*

To successfully state a § 1983 claim, Plaintiff must show that a person acting under color of state law deprived her of a constitutional right. But counties cannot be sued under § 1983 on a theory of vicarious liability for the actions of their employees. *Monell*, 436 U.S. at 691. An official policy must have caused the employee—in this case, a Smith County employee—to violate Plaintiff's constitutional rights. *Id.* To establish municipal liability, Plaintiff must show that (1) a policymaker had actual or constructive knowledge (2) of an official policy of custom, (3) which was the "moving force" of the violation of Plaintiff's constitutional rights. *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002).

Plaintiff alleges that Defendants violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Doc. No. 35, at 12.) Specifically, Plaintiff alleges that Defendant Jackson violated Plaintiff's rights by (1) transferring Plaintiff's case into Defendant Jackson's court without notice or an opportunity to object; (2) by scheduling seven motions on a single day, despite medical evidence suggesting such scheduling would harm Plaintiff's health; (3) engaging in unlawful discrimination in violation of the Equal Protection Clause; (4) violated Plaintiff's right to privacy by causing Plaintiff to disclose private medical records; and (5) impinged on Plaintiff's right to procedural due process by dismissing Plaintiff's case on a "moot" pleading. *Id*. at 12–15. Moreover, Plaintiff alleges that Defendants Smith County, Delmas, and Hahn unconstitutionally facilitated these violations "by refusing to follow legally required ADA processes*." Id*. at 13.

Despite these allegations, Plaintiff has failed to allege any facts satisfactory under *Monell*. Specifically, Plaintiff has not alleged any official policy, custom, or practice relevant to his claims against Smith County. Although Plaintiff argues that "[a] single decision by a final authority can constitute official policy" (Doc. No. 50, at 3), Plaintiff has put forth no allegations that the denial of his rights stemmed from an official policy or practice of Smith County or the State of Texas. Instead, he alleges without supporting facts that Defendants "coordinated their responses" to systematically deny his accommodation requests.   But his allegations concerning coordination consist of isolated, unrelated decisions by Judge Jackson, Ms. Delmas and Ms. Hahn concerning the conduct of his case. Allegations of this type do not amount to an "official policy". *See Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989) ("[a] pattern also requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'"); *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) ("isolated unconstitutional actions by municipal employees will almost never trigger liability."). Moreover, he has not alleged that any such policy was the moving force behind the alleged violations of his constitutional rights.

Even if Plaintiff's allegations were sufficient under Rule 12(b)(6), as discussed below, Plaintiff has also failed to state a claim for a constitutional violation. Accordingly, Plaintiff's § 1983 claims should be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### c.  ADA and RA Claims Against Defendants Smith County, Delmas, and Hahn

Plaintiff also asserts claims under the ADA and RA against Defendants. (Doc. No. 35, at 4.) Defendants argue that all of Plaintiff's claims under Title II and Title V of the ADA and RA should be dismissed for failure to state a claim. (Doc. No. 42, at 22, 25.) Defendants argue that Plaintiff's Title II and RA claims should be dismissed because Defendants provided reasonable

accommodations for Plaintiff's alleged disabilities and Defendants had no power to grant Plaintiff the accommodations he allegedly was denied. *Id.* at 22–23. Defendants argue that Plaintiff's Title V claims should be dismissed because Plaintiff has failed to plead facts showing Defendants undertook an act or practice made unlawful by the ADA. *Id.* at 25.

Plaintiff's amended complaint alleges that Defendants denied his requests for reasonable accommodations even though he has a qualifying disability. (Doc. No. 35, at 9.) Specifically, Plaintiff alleges he requested: (1) a scribe and layperson assistant for assistance in proceedings; (2) oral hearings for all motions to accommodate his medical needs; (3) modification of court scheduling to prevent excessive stress and cognitive overload; and (4) equal access to "Odyssey court records." *Id.* Plaintiff contends that Defendants denied his access to these accommodations under Defendant Jackson's direct orders without any legitimate reason to do so. *Id.*

For Plaintiff to state a claim for relief under Title II of the ADA, he must adequately allege: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). In contrast, to state a claim for relief under the RA, a plaintiff must allege: "(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has . . . been denied benefits from, or otherwise been subject to discrimination under such program or activity." *Hay v. Thaler*, 470 F. App'x 411, 417–18 (5th Cir. 2012) (internal citations omitted).

Plaintiff's Title II and RA claims should be dismissed for failure to satisfy the third element of each of these causes of action.[2] Under both Title II and the RA, Plaintiff must allege that Defendants' alleged discrimination was by reason of his disability. *Sims v. City of Jasper*, No. 1:20-cv-00124, 2020 WL 13789707, at *10 (E.D. Tex. Sept. 14, 2020) (citing *Hale*, 642 F.3d at 499). But under the RA, Plaintiff must overcome a higher standard; he must allege that he was subject to discrimination "solely because of his handicap." *Id.* (quoting *Hay*, 470 F. App'x at 417–18).

Plaintiff has alleged no facts indicating that Defendants denied him benefits "by reason of his disability." Plaintiff implies discrimination based upon a denial of requested accommodations, but Plaintiff has alleged no facts to support the contention that a denial of accommodations prevented him from enjoying public access to the courts, was based upon his disability, or done in a discriminatory manner. Rather, Plaintiff's allegations suggest that he was denied "meaningful access" due to Defendants' failure to provide him with reasonable accommodations. *Alexander v. Choate*, 469 U.S. 287, 301, (1985); *Cadena v. El Paso County*, 946 F.3d 717, 725 (5th Cir. 2020). But Plaintiff's allegations do not state facts that imply denial of meaningful access to the court as the pleaded facts indicate that he was able to access the court's system through its public domain, Odyssey, that he participated in hearings, and ultimately prosecuted his case. Indeed, Defendants' motion suggests that they provided accommodations based on Plaintiff's claimed post-traumatic stress disorder, including his request for oral hearing. (Doc. No. 42-1.) For these reasons, Plaintiff's Title II and RA official capacity claims should be dismissed with prejudice for failure to state a claim.

Plaintiff's amended complaint also alleges that after he engaged in protected activity under the ADA by requesting ADA accommodations under Title II (Doc. No. 35, at 7), Defendants

---

[2] The court does not extend a recommendation on whether Plaintiff has adequately satisfied the first two elements of either Title II or the RA.

17

retaliated against him by: (1) denying his ADA requests without engaging in the "interactive process";[3] (2) transferring his case to Defendant Jackson's court without notice or an opportunity to object; (3) scheduling seven motions on a single day despite Plaintiff's health; (4) coercing Defendant Delmas into reversing her initial approval of Plaintiff's ADA accommodations; (5) failing to provide a written explanation for the denial of accommodations; and (6) ignoring Plaintiff's repeated efforts to obtain ADA compliance from county officials. *Id.* at 7–8.

Title V of the ADA prohibits retaliation against disabled individuals when they oppose an unlawful practice under the ADA: "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). For Plaintiff to establish a Title V unlawful retaliation claim, he must demonstrate: (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) there is a causal link between the two. *Bracken v. G6 Hospitality, LLC*, No. 4:14-cv-644-ALM-CAN, 2016 WL 3946791, at *6 (E.D. Tex. June 3, 2016), *report and recommendation adopted*, 2016 WL 3917701 (E.D. Tex. July 20, 2016). "To establish a causal link between the protected conduct and the adverse . . . action, a plaintiff must show that 'the . . . [defendant's] decision . . . was based in part on knowledge of the . . . [plaintiff's] protected activity.'" *See id.* at 7 (quoting *Luedecke v. Tenet Healthcare Corp.*, No 3:14-CV-1582, 2015 WL 58733, at *7 (N.D. Tex. Jan. 5, 2015)).

---

[3] As far as the court is aware, this "interactive process" applies only in the employer discrimination context. *See E.E.O.C. v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) (quoting *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 108 (1st Cir. 2005) (explaining that "[o]nce an employee makes such a[n] [accommodations] request . . .the employer is obligated by law to engage in an "interactive process": "a meaningful dialogue with the employee to find the best means of accommodating that disability")).

It is uncontested that Plaintiff engaged in a "protected activity" by requesting reasonable accommodations. *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) ("[i]t is undisputed that making a request for reasonable accommodation under the ADA may constitute engaging in a protected activity."). But Plaintiff's Title V claim is deficient under the last element—Plaintiff has not pleaded any facts indicating that Defendants retaliated against Plaintiff because of his accommodations request. Plaintiff's conclusory allegations of the request for accommodations that he submitted to Defendants and a myriad of Defendants' post-request actions are not enough to meet his burden under Federal Rule of Civil Procedure 12(b)(6). As such, Plaintiff's Title V official capacity claim should be dismissed with prejudice for failure to state a claim.

## II.    Federal Claims Against Defendants in Their Individual Capacities

Plaintiff also sues each named individual Defendant in his/her individual capacity. (Doc. No. 35.) Specifically, a liberal construction of Plaintiff's pro se pleadings asserts: (1) violations of the ADA for denial of reasonable accommodations (Title II) and retaliation for asserting ADA rights (Title V); violations of the RA because Smith County receives federal funding and allegedly failed to provide equal access to court services; Fourteenth Amendment violations (42 U.S.C. § 1983) for procedural due process violations (improper case transfer and denial of hearings), equal protection violations (discrimination based on disability), and substantive due process violation of the right to medical privacy; First Amendment retaliation (42 U.S.C. § 1983) for requesting accommodations; conspiracy to deprive civil rights (42 U.S.C. § 1985(3)) for official coordinated efforts to obstruct Plaintiff's access to the courts; failure to prevent civil rights violations (42 U.S.C. § 1986) for failing to stop constitutional violations; and Texas state law claims for civil

19

conspiracy and intentional Infliction of Emotional Distress (IIED). For clarity, the court will consider each of these claims, as alleged, with respect to the Defendants named in this civil action.

### a. Claims Against Defendant Jackson

Plaintiff has asserted the following claims against Defendant Jackson: violations of Title II and Title V of the ADA; violation of § 504 of the RA, violation of due process under the Fourteenth Amendment (42 U.S.C. § 1983); First Amendment retaliation (42 U.S.C. § 1983); conspiracy to deprive his rights (42 U.S.C. § 1985), and state law claims for civil conspiracy and IIED. (Doc. No. 35.) Defendant Jackson moves to dismiss all of these claims. (Doc. No. 41).

### i. Title II and Title V ADA Claims

Turning first to Plaintiff's ADA claims, as explained above, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the ADA, Plaintiff cannot sue Defendant Jackson in his individual capacity as the real party in interest for an ADA claim is the entity itself, which is contemplated by the express use of "entity" in the statute. *See Molina v. Volunteers of Am.,* No. 3:17-CV-00882-L-BT, 2019 WL 4169051, at *2 (N.D. Tex. Aug. 16, 2019), *report and recommendation adopted sub nom. Molina v. Volunteers of Am., Texas , Inc.*, No. 3:17-CV-882-L, 2019 WL 4166914 (N.D. Tex. Sept. 3, 2019) (finding individual defendant not subject to liability under Title II); *Pena v. Bexar Cty.,* 726 F. Supp. 2d 675, 689–90 (W.D. Tex. 2010) (noting that the plaintiff could not add an individual as a defendant to his Title II claim, because Title II does not provide for individual liability); *Wiley v. Thompson,* 2008 WL 112110, at *7–*8 (E.D. Tex. Jan. 9, 2008) (after surveying decisions from around the country, determining Title II does not provide a cause of action against individual defendants in their personal capacity).

20

Similarly, courts have held that Title V of the ADA does not permit claims against individual employees. *See Yerdon v. Poitras*, 120 F.4th 1150, 1157 (2d Cir. 2024) ("individual employees cannot be held liable under the ADA's retaliation provisions"). Accordingly, any ADA claim against Defendant Jackson in his individual capacity must be dismissed.

### ii.    Section 504 of the Rehabilitation Act (29 U.S.C. § 794) Claim

Plaintiff piggybacks a claim under the RA with respect to his factual allegations regarding a violation of the ADA. The RA's coverage is nearly identical to Title II of the ADA, except that it applies only to entities receiving federal funding. *Holmes v. Tex. A&M Univ.*, 145 F.3d 681, 683–84 (5th Cir. 1998). Again, because the statute applies to entities, Plaintiff's RA claim against Defendant Jackson in his individual capacity must similarly be dismissed. *See Decker v. Dunbar*, 633 F.Supp.2d 317, 357 (E.D. Tex. 2008) ("there is no individual liability in lawsuits under the RA, and . . . individual liability for claims of violations of the Act cannot be secured by casting the lawsuit under Section 1983 rather than under the Act.") (citing *Lollar v. Baker*, 196 F.3d 603, 608–10 (5th Cir. 1999)).

### iii.    Section 1983 Claims

Construing Plaintiff's § 1983 claims liberally, it appears that Plaintiff intends to assert claims for procedural due process violations based upon improper case transfer and denial of hearings, equal protection violations for discrimination based on disability, substantive due process violation of the right to medical privacy, and First Amendment retaliation for requesting accommodations.

### 1.    Fourteenth Amendment Procedural Due Process

Plaintiff first alleges a violation of procedural due process for improper case transfer and denial of hearing. The Fourteenth Amendment to the Constitution of the United States guarantees,

in pertinent part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause has procedural and substantive components. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). The procedural component requires states to provide a constitutionally adequate process before depriving an individual of life, liberty, or property. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotations and citations omitted). Section 1983 provides a cause of action against an individual who, acting under color of state law, has deprived a person of a federally protected statutory or constitutional right. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 426 U.S. 40, 49–50 (1999). To prevail on his procedural due process claim, Plaintiff must demonstrate that a state actor deprived him of life, liberty, or property without due process of law. *See Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016).

As to procedural due process, Plaintiff alleges that Judge Jackson transferred Plaintiff's case into his court without notice or an opportunity to be heard. (Doc. No. 35, at 12.) These allegations fail to state a claim as they do not allege that Plaintiff was deprived a federally protected statutory or constitutional right. Plaintiff cites no authority, and the court is unaware of any, that would provide a due process right to have a case heard by a particular judge or in a particular court, which the allegations of transfer implicate. *See, e.g., Strickland v. United States*, 32 F.4th 311, 343 (4th Cir. 2022) (noting no authority that a party in a civil proceeding has a due process right to have a district judge or appellate panel assigned in a particular manner). Plaintiff's allegations are further far too conclusory to suggest that his claim implicates a suggestion of potential unconstitutional bias on behalf of Defendant Jackson. There are no facts to suggest that the circumstances alleged here are so "extreme" or "extraordinary" to give rise to the probability of objective bias, even when considering Plaintiff's allegations that he was denied accommodations.

22

Given that Plaintiff has not identified a protected right, there was no obligation for notice or hearing prior to his case being transferred to Defendant Jackson and he has therefore not alleged a claim for violation of procedural due process.

### 2. Fourteenth Amendment Equal Protection

Plaintiff further alleges that "[b]y denying Plaintiff's ADA accommodations, Judge Jackson engaged in unlawful discrimination in violation of the Equal Protection Clause." (Doc. No. 35, at 12.) The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. It is in essence "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Bramer*, 180. F.3d at 705. For a successful challenge, a plaintiff "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Baranowski v. Hart*, 486 F.3d 112, 113 (5th Cir. 2007). Indeed, the threshold element of a typical equal protection claim is "that two or more classifications of similarly situated persons were treated differently." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012).

Here, Plaintiff has failed to state a claim for a violation of equal protection because he has not alleged that he is a member of protected class, but even assuming his unknown disability could qualify him as such, he has not alleged any similarly situated individuals who were treated differently. As such, he has failed to state a claim for violation of equal protection.

### 3. Fourteenth Amendment Substantive Due Process

Next, Plaintiff appears to allege a violation of substantive due process for having to provide private medical records to request his accommodations. A substantive due process claim arises from the same clause of the Fourteenth Amendment as procedural due process guaranteeing that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Unlike procedural due process, substantive due process requires a fundamental right arising from the constitution. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Plaintiff cites no argument or authority that his private medical records could be considered a fundamental right guaranteed by the constitution and the court is unaware of any clear direction from the Supreme Court or the Fifth Circuit on this specific issue. But even accepting that such a right could be established in the context of what has been recognized by the courts as the constitutional right to the privacy, Plaintiff has not alleged that Judge Jackson has violated this right by disseminating his private medical records, or the like. Indeed, Plaintiff submits that he provided this information in the process of requesting accommodations for his disability, which would be a necessary component of such request ensuring the state's ability to ultimately provide reasonable accommodations if appropriate. For these reasons, Plaintiff has failed to state a claim for violation of substantive due process.

### 4. First Amendment Retaliation

Plaintiff alleges a claim for First Amendment retaliation by engaging in protected activity by requesting ADA accommodations which thereafter Defendant Jackson retaliated by denying his accommodations, transferring his case to Judge Jackson's court, scheduling multiple hearings in a single day, and coercing Defendant Delmas to reverse her initial agreement to provide accommodations. (Doc. No. 35, at 16.) A viable First Amendment retaliation claim requires, inter alia, speech that involves a matter of public concern. *See Modica v. Taylor*, 465 F.3d 174, 179–80

24

(5th Cir. 2006). Whether speech is a matter of public concern is a question of law. *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005). Here, Plaintiff's allegations that he engaged in free speech by requesting accommodations for his Smith County case do not involve a matter of public concern as they solely relate to the fact that *he* was denied the specific accommodations *he* requested and that certain actions were taken in *his case*. Therefore, Plaintiff has not stated a claim for First Amendment retaliation against Judge Jackson.

For these reasons, the court recommends that the claims against Defendant Jackson be dismissed with prejudice for failure to state a claim.

### b. Claims Against Defendant Esmeralda Delmas

Plaintiff also sues Defendant Esmeralda Delmas who is alleged to be the HR Director and ADA Coordinator for Smith County. (Doc. No. 35, at 4.) Plaintiff's federal claims against Defendant Delmas appear to be factually based upon her involvement in the denial of his request for accommodations in violation of Title II and Title V of the ADA, as well as the RA. *Id.* at 5. Plaintiff also alleges that Defendant Delmas's failure to resist Defendant Jackson's pressure "despite her legal duty to enforce ADA compliance makes her liable under 42 U.S.C. § 1986 (Failure to Prevent Civil Rights Violations)." *Id.* Defendant Delmas has moved to dismiss all claims. (Doc. No. 42).

### i. ADA and RA Claims

As discussed with respect to Defendant Jackson, Plaintiff cannot sue Defendant Delmas individually for a violation of Title II or Title V of the ADA or under the RA. *See e.g., Pena,* 726 F. Supp. 2d at 675 (noting that the plaintiff could not add an individual as a defendant to his Title II claim, because Title II does not provide for individual liability); *Wiley*, 2008 WL 112110, at *7–*8 (after surveying decisions from around the country, determining Title II does not provide a

cause of action against individual defendants in their personal capacity); *Yerdon,* 120 F.4th at 1157 ("individual employees cannot be held liable under the ADA's retaliation provisions"); *Decker*, 633 F. Supp. 2d at 357 ("there is no individual liability in lawsuits under the Rehabilitation Act, and . . . individual liability for claims of violations of the Act cannot be secured by casting the lawsuit under Section 1983 rather than under the Act."). Accordingly, Plaintiff's ADA and RA claims against Defendant Delmas are subject to dismissal with prejudice.

### ii.    42 U.S.C. § 1986 Claim

Plaintiff also alleges that Defendant Delmas's failure to resist Defendant Jackson's pressure "despite her legal duty to enforce ADA compliance makes her liable under 42 U.S.C. § 1986 (Failure to Prevent Civil Rights Violations)." (Doc. No. 35, at 5.) A § 1986 cause of action is dependent on Plaintiff's successful pleading of a § 1985 claim first. *See Beckwith v. City of Hous.*, 790 F. App'x 568, 576 (5th Cir. 2019) (citing *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975) ("[b]ecause of th[e] failure to state a claim cognizable under Section 1985(3), appellant may not recover under the interrelated, dependent cause of action under Section 1986 . . . for neglecting to prevent a known conspiracy under Section 1985")). Section 1985 prohibits three broad categories of conspiracies: (1) preventing an officer from performing duties; (2) obstructing justice; intimidating a party, witness, or juror; or (3) depriving persons of rights or privileges. 42 U.S.C. § 1985(1)-(3). Here, Plaintiff's claims plainly fall under § 1985 (3) as he complains of an obstruction of his access to court based upon the denial of his requested accommodations. (Doc. No. 35, at 17.) Section 1985(3) imposes liability on two or more persons who "conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). According to Fifth Circuit precedent, a governmental entity and its employees constitute "a 'single legal entity which is incapable of conspiring with itself.'" *Thornton v.*

*Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013)) (quoting *Benningfield v. City of Hous.*, 157 F.3d 369, 378 (5th Cir. 1998)). Therefore, Plaintiff's claims that Smith County and its Defendant employees all conspired to deprive him of his rights cannot state a claim because it does not meet the requirement of two or more persons. Moreover, this claim similarly fails because Plaintiff has failed to allege sufficient facts to infer a violation of rights, as discussed herein. Because Plaintiff has not stated a viable claim for a violation of § 1985, he also has not stated a claim for violation of § 1986. *Beckwith*, 790 F. App'x at 576. Thus, these claims, to the extent they are asserted against Defendant Delmas, must be dismissed.

Lastly, to the extent it could be liberally interpreted that Plaintiff has asserted any variety of his § 1983 claims against Defendant Delmas, those claims are based on the same factual allegations asserted with respect to Defendant Jackson and therefore fail to state a claim for the same reasons discussed above.

Accordingly, the court recommends that the federal claims asserted against Defendant Delmas be dismissed with prejudice for failure to state a claim.

### c.   Claims Against Defendant Kaylee Hahn

Plaintiff also sues Defendant Kaylee Hahn who he cites as the Court Administrator for the 114th District Court who is "responsible for coordinating court procedures and compliance with federal disability laws." (Doc. No. 35, at 4.) Plaintiff alleges claims against Hahn for violations of § 1985 and § 1986 for her failure to "take corrective action" and "failure to intervene" despite knowledge that Judge Jackson was violating the law. *Id.* at 17–18. Defendant Hahn has moved to dismiss these claims. (Doc. No. 42).

Plaintiff's claims against Defendant Hahn fail for the same reasons stated with respect to Defendant Delmas—requisite elements of a § 1985 claim have not been pleaded and a § 1986 claim cannot proceed without a viable § 1985 claim. *Beckwith*, 790 F. App'x at 576.

Moreover, to the extent it could be liberally interpreted that Plaintiff has asserted any variety of his § 1983 claims against Defendant Hahn, those claims are based on the same factual allegations asserted with respect to Defendant Jackson and therefore fail to state a claim for the same reasons discussed above.

Accordingly, the court recommends that the federal claims asserted against Defendant Hahn be dismissed with prejudice for failure to state a claim.

### d. Claims Against Defendant Debbie Gunter

Plaintiff sues Defendant Judge Debbie Gunter for the first time in his amended complaint. Here, his allegations relate solely to Defendant Gunter's alleged violation of § 1986. Plaintiff indicates that Defendant Gunter had his case prior to its transfer to Judge Jackson and that Defendant Gunter "had the authority and duty to prevent this procedural due process violation" yet she "failed to intervene." (Doc. No. 35, at 22.) Defendant Gunter has moved to dismiss these claims. (Doc. No. 45).

Plaintiff's allegations against Defendant Gunter fail to state a claim. A § 1986 cause of action is dependent on Plaintiff's successful pleading of a § 1985 claim first. *See Beckwith*, 790 F. App'x at 576. Section 1985(3) imposes liability on two or more persons who "conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws," and Fifth Circuit precedent states that a governmental entity and its employees constitute "a 'single legal entity which is incapable of conspiring with itself.'" 42 U.S.C. § 1985(3). *Thornton*, 526 F. App'x at 388. Because Defendant Gunter is an employee of Smith County with all other alleged

28

employee Defendants, the perquisite of two or more persons is missing for a § 1985 claim. Moreover, as discussed above, Plaintiff has failed to allege that Defendant Jackson violated procedural due process. Therefore, there is also no predicate violation of rights on which the conspiracy allegations can stand. Because Plaintiff has not stated a viable claim for a violation of § 1985, he also has not stated a claim for violation of § 1986 against Defendant Gunter. *Beckwith*, 790 F. App'x at 576.

Accordingly, the court recommends that the federal claims asserted against Defendant Gunter be dismissed with prejudice for failure to state a claim.[4]

### III.    Claims Against the 114th District Court of Smith County, Texas

Defendant the 114th District Court of Smith County, Texas also moves to dismiss the claims asserted against it. (Doc. No. 41.) Although Plaintiff's second amended complaint lists the 114th District Court as a defendant in this matter, Plaintiff has not alleged any factual allegations with respect to the 114th District Court. (Doc. No. 35.) An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex*., 798 F.2d 736, 740 (5th Cir. 1986). Therefore, the court presumes that Plaintiff, failing to state factual allegations against the 114th District Court, has voluntarily dismissed the court from this matter. Regardless, Plaintiff's claims against the 114th District Court must be dismissed.

Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed.R.Civ.P. 17(b). In order for a plaintiff to sue a government agency or department, the agency or department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill.

---

[4] In one of Plaintiff's responses (Doc. No. 52), he attempts to assert a number of § 1983 claims as well as an ADA claim against Defendant Gunter. These claims were not clearly pleaded against Defendant Gunter in his live pleading (Doc. No. 35), and their untimely assertion in a response does not merit their consideration. These claims, for the reasons discussed herein, fail to state a claim.

1979)). A plaintiff cannot sue a political subdivision unless the true political entity has taken explicit steps to grant the servient agency jural authority. *Id.* Federal courts in Texas have uniformly held that courts are non-jural entities that are not subject to suit. *See Fleming v. Sixth Dist. Ct. of Lamar Cnty.*, No. 420CV00025RWSCAN, 2020 WL 8299710, at *2 (E.D. Tex. Dec. 23, 2020), *report and recommendation adopted*, 2021 WL 274444 (E.D. Tex. Jan. 27, 2021) (dismissing the Sixth District Court of Lamar County as a non-jural entity); *Perez v. Dall. Cnty. Cts.*, No. 3:20-CV-01761-L (BT), 2020 WL 7049159, at *2 (N.D. Tex. Oct. 27, 2020) ("[i]t is well-established that a county court is a nonjural entity that is not subject to suit."), *report and recommendation adopted*, No. 3:20-CV-1761-L-BT, 2020 WL 7047057 (N.D. Tex. Nov. 30, 2020); *Banargent v. Tex. Ct. of Crim. App.*, No. A-10-CA-358-SS, 2010 WL 2430766, at *1 (W.D. Tex. June 15, 2010) ( "[t]he 240th Judicial District Court of Fort Bend County is not a legal entity capable of being sued.").

Plaintiff does not identify, nor is the court aware of, any authority that shows the 114th District Court of Smith County, Texas has been granted authority to engage in litigation. Accordingly, the court has no jural existence and therefore lacks the capacity to be sued.

IV.    **State Law Claims**

Lastly, Plaintiff also appears to assert state law claims for civil conspiracy and intentional infliction of emotional distress against the named Defendants. However, as the court has found that Plaintiff's federal claims against Defendants should be dismissed, there is no basis to exert the court's pendent jurisdiction over the state law claims. 28 U.S.C. § 1326(c)(3); *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

30

For these reasons, Plaintiff's state law claims against Defendants should be dismissed without prejudice.

## CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** that Defendants' motions (Doc. Nos. 41, 42, 45) be **GRANTED.** Plaintiff's official capacity claims against Defendants Jackson and Gunter should be **DISMISSED** without prejudice for lack of jurisdiction; Plaintiff's official capacity claims against Defendants Delmas, Hahn, and Smith County should be **DISMISSED** with prejudice for failure to state a claim; and Plaintiff's individual capacity claims against all Defendants should be **DISMISSED** with prejudice for failure to state a claim. Plaintiff's state law claims against Defendants should also be **DISMISSED** without prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. Local Rule CV-72(c) provides that objections to reports and recommendations and any response thereto shall not exceed eight pages, and no further briefing is allowed absent leave of court. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 25th day of March, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE