UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 6:24-cv-00427

————

**Matthew J. Kerns,**
*Plaintiff,*

v.

**Smith County, Texas, et al.,**
*Defendants.*

————

## OPINION AND ORDER

Plaintiff, proceeding pro se, brought this case against Smith County, two state judges, and several other judicial entities and employees. Doc. 35. The case was referred to a magistrate judge. Doc. 4. Plaintiff alleged numerous claims under 42 U.S.C. §§ 1983, 1985, 1986; the Americans with Disabilities Act (ADA); the Rehabilitation Act (RA); and other state statutes. Doc. 35. Defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docs. 41, 42, 45. The magistrate judge issued a report recommending that all three motions be granted. Doc 53. Plaintiff timely objected to the report. Doc. 62.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). However, "the objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there are no timely objections, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 addition.

## I. Plaintiff's objections

### Objection I

Plaintiff's first objection appears to make a claim against the magistrate judge for discrimination based on plaintiff's disability. Doc. 62 at 3–4. No such claim is asserted in this action; the magistrate judge is not a defendant here. Thus, this objection is without merit and overruled.

### Objection II

Next, plaintiff asserts that the report is deficient for failing to consider several alleged "admissions" of defendants. Doc. 62 at 4–5. However, at the pleading stage, the court considers the sufficiency of the factual allegations in the complaint. The evidence or admissions that may support a claim are irrelevant to whether the plaintiff has stated a plausible claim to relief. Thus, this objection is overruled.

### Objection III

Plaintiff asserts that the magistrate judge misapplied the doctrines of sovereign immunity, judicial immunity, and quasi-judicial immunity to plaintiff's ADA claims. Doc. 62 at 5. However, the report did not rely on the doctrines of judicial or quasi-judicial immunity. Furthermore, as explained below, the court agrees with the magistrate judge's sovereign-immunity conclusion. Even if sovereign immunity did not apply, the ADA claims would still be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Thus, this objection is overruled.

### Objection IV

Next, plaintiff objects to the magistrate judge's recommendation to dismiss his Title V ADA claim "without discussion." Doc. 62 at 5–6. This objection mischaracterizes the record. The magistrate judge discussed plaintiff's Title V claims at length. Doc. 53 at 11, 15–21. The magistrate judge found that (1) plaintiff's Title V claim could not proceed against defendants in their individual capacities, (2) plaintiff had failed to adequately plead an underlying Title II claim upon which to base the Title V claim, and (3)

plaintiff did not plead any facts indicating retaliation. As discussed below, the court agrees with those conclusions. Thus, this objection is overruled.

### Objection V

Next, plaintiff objects that the magistrate judge failed to consider several allegations raised in his response to Defendant Gunter's motion to dismiss. Doc 62 at 6–7. Plaintiff argues that because the magistrate judge issued the report the day after plaintiff filed his response, the magistrate did not consider that response. *Id.* at 6. First, plaintiff's objection is purely speculative. Second, the magistrate did not err in failing to consider these new allegations because they were outside the pleadings. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Thus, this objection is overruled.

### Objection VI

Plaintiff also objects that the magistrate judge failed to consider plaintiff's response brief before issuing the report. This assertion is based solely on the fact that the magistrate judge issued the report the day after the response brief was filed. This objection is speculative. Thus, the objection is overruled.

### Objection VII

Finally, plaintiff objects that the magistrate judge fabricated unity between defendants to dismiss plaintiff's conspiracy claim. Doc. 62 at 8. Plaintiff argues that because defendants Delmas and Hahn are county court employees and defendants Gunter and Jackson are state judges, the pairs must be considered separately for purposes of alleging conspiracy. However, the magistrate judge alternatively found that that plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 should be dismissed for failure to allege a constitutional violation. Doc. 53 at 26–29. Because a constitutional violation is a prerequisite to a claim under §§ 1985 and 1986, the court need not consider this objection.

## II. Unobjected portions of the report

As explained above, the court reviews unobjected-to portions of the report only for clear error. Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 addition. This includes the portions of the report for which the objections are frivolous, conclusive, or general. Having addressed the various insufficiencies in plaintiff's objections, the court concludes that there are no proper objections to any other portion of the report. As such, the court reviews the report for clear error and is satisfied that none exists.

However, considering plaintiff's pro se status, the court will address some of plaintiff's claims in greater detail.

## III. ADA claims

The magistrate judge construed plaintiff's pro se complaint to include Title II ADA claims against all defendants in their individual capacity. Doc. 53 at 5. These claims fail because defendants are not subject to liability in their individual capacities under Title II. *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *2 (5th Cir. Jan. 13, 2025) ("Thus, unlike § 1983, the ADA and section 504 do not permit personal-capacity suits against government officials."); *Pena v. Bexar Cnty.*, 726 F. Supp. 2d 675, 689–90 (W.D. Tex. 2010) (noting that Title II does not provide for individual liability). As such, these claims must be dismissed for lack of jurisdiction.

Next, plaintiff brought Title II ADA claims against defendants in their official capacities. These claims fail because plaintiff failed to state a plausible claim for relief. To state a claim for relief under Title II, a plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam). Plaintiff alleges throughout his complaint that defendants denied his accommodations. However, plaintiff did not point to any facts suggesting that this alleged discrimination was *by reason* of plaintiff's disability.

Thus, because plaintiff failed to adequately allege the causation element of his ADA claims, those claims fail.

Plaintiff also brought Title V ADA claims against all defendants in their individual and official capacities. The Title V individual-capacity claims fail for the same reason as the Title II individual-capacity claims. The Title V official-capacity claims fail for multiple reasons. As to defendant Jackson, the claim fails because plaintiff did not plead a viable Title II claim on which to base a Title V claim. *See Dottin v. Tex. Dep't of Crim. Just.*, No. 1:13-cv-00710, 2014 WL 11498078, at *10 (E.D. Tex. Nov. 25, 2014) (holding that a Title V claim fails due to sovereign immunity when there is no viable underlying Title II claim).

As to the other defendants, these claims fail because plaintiff did not plead any facts indicating that defendants retaliated against him because of his accommodations request and failed to plead the requisite causal connection. *Bracken v. G6 Hosp., LLC*, No. 4:14-cv-00644, 2016 WL 3946791, at *6 (E.D. Tex. June 3, 2016) (Nowak, Mag. J.), *adopted by* 2016 WL 3917701 (E.D. Tex. July 20, 2016) (holding that a Title V claim requires the plaintiff to demonstrate that "(1) he engaged in a protected activity; (2) suffered an adverse action; and (3) there is a causal link between the two.").

### IV. Constitutional claims

Plaintiff brought constitutional claims under 42 U.S.C. §§ 1983, 1985, and 1986 for both damages and equitable relief. As to defendants Jackson and Gunter, the damages claims are barred by the Eleventh Amendment. *See Early v. S. Univ. & Agric. & Mech. Coll. Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007) (per curiam) (unpublished) (stating generally that Congress did not abrogate sovereign immunity with respect to claims under §§ 1983, 1985, and 1986); *see also Galyeon v. Texas*, No. 6:21-cv-00410, 2021 WL 6425386, at *4 (E.D. Tex. Dec. 6, 2021) (Mitchell, Mag. J.), *adopted by* 2022 WL 107594 (E.D. Tex. Jan. 11, 2022) (dismissing claims against a state district judge in his official capacity under §§ 1983 and 1985 because of sovereign immunity).

The equitable relief claims against Jackson and Gunter also fail because plaintiff did not plead a continuing violation of his rights. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03 (1984) (stating that equitable relief claims against government officials are barred by the Eleventh Amendment if the claims seek retroactive relief). In other words, plaintiff's equitable claims fail because he seeks remediation only for alleged past violations of federal law. *See Williams v. Reeves*, 954 F.3d 729, 735–37 (5th Cir. 2020) (holding that the *Ex parte Young* exception to sovereign immunity is limited to a plaintiff seeking to "redress an ongoing violation of federal law.").

## V. Conclusion

The court accepts the magistrate judge's recommendation (Doc. 53) to grant defendants' motions to dismiss (Docs. 41, 42, 45). Plaintiff's official capacity claims against defendants Jackson and Gunter are dismissed without prejudice for lack of jurisdiction. Plaintiff's official capacity claims against defendants Delmas, Hahn, and Smith County are dismissed with prejudice for failure to state a claim. Plaintiff's individual capacity claims against all defendants are dismissed with prejudice for failure to state a claim. Plaintiff's state law claims against defendants are dismissed without prejudice for lack of a viable pendent federal claim. Any pending motions are denied as moot.

*So ordered by the court on September 22, 2025.*

J. CAMPBELL BARKER
United States District Judge

- 6 -